IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Civil Action No. 1:19-CV-02148-DDD-STV

PETER GEORGE NOE,

     Plaintiff,

v.

ANDRE MATEVOUSIAN, individually and in his official capacity,
AMY KELLEY, individually and in her official capacity, and
DALE BILBREY, individually and in his official capacity,

     Defendants.

---

**ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTION TO DISMISS, AND DENYING REMAINING MOTIONS AS MOOT**

---

*Pro se* Plaintiff Peter George Noe is a convicted and sentenced prisoner housed in the federal USP Florence ADX detention facility. He alleges that Defendants' mail procedures at the facility violate his constitutional rights. Before the Court is Magistrate Judge Varholak's recommendation (Doc. 196) to grant Defendants' motion (Doc. 162) to dismiss Mr. Noe's complaint for lack of jurisdiction and failure to state a claim, Mr. Noe's motion (Doc. 201) requesting permission to file a supplemental brief objecting to Judge Varholak's recommendation, Mr. Noe's motion (Doc. 202) for a preliminary injunction or protective order, and Mr. Noe's motion for permission to file an amended complaint (Doc. 204). For the reasons set forth below, the Court adopts Judge Varholak's recommendation, denies as moot Mr. Noe's motion requesting permission to file a supplemental brief, denies as moot Mr. Noe's motion for a

preliminary injunction or protective order, and denies Mr. Noe's motion for permission to file an amended complaint.

## BACKGROUND

Mr. Noe has filed five complaints in this suit: the initial complaint, (Doc. 1); an Amended Complaint in response to an order by Judge Gallagher (Doc. 9); a Second Amended Complaint (Doc. 89) filed with permission after Defendants moved to dismiss the Amended Complaint but before that motion was adjudicated on the merits; a Third Amended Complaint (Doc. 148) after the Court accepted Judge Varholak's recommendation to dismiss without prejudice the Second Amended Complaint; and a Fourth Amended Complaint (Doc. 156) with Defendants' consent and the Court's leave. Defendants subsequently filed a motion to dismiss the Fourth Amended Complaint for lack of jurisdiction and failure to state a claim. (Doc. 162.) Judge Varholak recommends granting that motion. (Doc. 196.) Mr. Noe objected to the recommendation (Doc. 199), and Defendants responded to those objections (Doc. 200). Mr. Noe then filed a motion requesting permission to file a supplemental brief in objection to Magistrate Judge Varholak's recommendation and a reply to the Defendants' response. (Docs. 201, 203.) Mr. Noe also filed a motion for a preliminary injunction or protective order relating to his prison mail concerns. (Doc. 202.) Finally, he has filed a motion for leave to amend his complaint for a fifth time. (Doc. 204.)

## LEGAL STANDARDS

When a timely objection is made to a magistrate judge's report and recommendation, the district court reviews the report and recommendation *de novo*. 28 U.S.C. § 636(c); Fed. R. Civ. P. 72(b)(3).

"A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). But the court cannot be a *pro se* litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). *Pro se* parties also must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376 (1994). A federal court lacking such jurisdiction "must dismiss the case at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). Federal Rule of Civil Procedure 12(b)(1) governs dismissal for "lack of subject-matter jurisdiction."

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." When determining whether to grant a motion under Rule 12(b)(6), a court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1090, 1098 (10th Cir. 2009). This, however, requires more than a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556).

## DISCUSSION

Judge Varholak recommends Claim One, the First Amendment portion of Claim Two, and Claim Three under Federal Rule of Civil Procedure 12(b)(6) be dismissed for failure to state a claim. (Doc. 196.) He also recommends dismissal of the Fifth Amendment portion of Claim Two for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (Doc. 196 at p. 13.)

### I.      Claim One

Mr. Noe asserts that Judge Varholak erred in recommending dismissal of his First Amendment claim pursuant to Federal Rule of Civil Procedure 12(b)(6). This claim challenges the prison policy prohibiting inmate-to-inmate correspondence, including a ban on inmates receiving correspondence referencing another inmate's name. (Doc. 199 at p. 1.)

Mr. Noe's first argument is that the prison policy forbidding inmate-to-inmate correspondence violates the First Amendment right to freedom of speech. As Judge Varholak explained, though, that is not correct under governing precedent. The Supreme Court has held that correspondence regulations in prisons, like those there and in this case, need only be reasonably related to legitimate security interests. *Turner v. Safley*, 82 U.S. 78, 89-90 (1987). Thus, to place restrictions on Mr. Noe's correspondence, ADX's methods need only be reasonably related to a legitimate security interest. The same interests that supported the limits in *Turner* apply here: security and crime deterrence.

Mr. Noe argues that his amended complaint does plead facts that demonstrate a constitutional violation.  But even if the facts asserted in Mr. Noe's complaint are accepted as true, they do not amount to a constitutional violation. Simply stating that there was a constitutional violation does not meet the Rule 12(b)(6) standard.

Mr. Noe also contends that the Defendants never claimed that the information in his letters contained "information detrimental to prison security." (Doc. 199 at p. 3.) This misconstrues the standard. Defendants do not have to show that each individual inmate-to-inmate letter is detrimental to the security of the prison. Instead, the whole policy must be reasonably related to legitimate security interests, and it is Mr. Noe's burden to allege facts demonstrating this. Mr. Noe has not done so.

Mr. Noe continues by claiming that "the applicable rule was invalid," citing *Salim v. Session*, No. 13-cv-03175-RM-CBS, 2017 WL 11487131, at *3 (D. Colo. May 2, 2017). In granting a motion to dismiss a prisoner's First Amendment claim on Rule 12(b)(6) grounds, the *Salim* Court noted that "every prison places legitimate restrictions on prisoner mail so a prisoner's First Amendment claim of interference with mail is ordinarily not plausible without factual allegations showing at least that the alleged interference violated prison rules or that the applicable rule was invalid, either generally or in the specific context of the claim." *Id.* at *6-7. But *Salim* did not hold that such rules are invalid, and, again, merely citing the relevant law is not sufficient to satisfy the Rule 12(b)(6) standard. *See Twombly*, 550 U.S. at 555 (2007). And Mr. Noe fails to articulate why Defendants' particular rule is invalid.

The Court adopts Judge Varholak's recommendation for dismissal of Claim One.

## II.    Claim Two

Mr. Noe's second claim is broken into two parts: an alleged First Amendment violation and an alleged Fifth Amendment Due Process violation. Judge Varholak recommends dismissal of the First Amendment claim on Rule 12(b)(6) grounds, and he recommends dismissal of the Due Process claim on standing grounds.

### a.  First Amendment

Mr. Noe challenges the prison's policy prohibiting the use of colored paper or envelopes as a violation of the First Amendment. (Doc. 199 at pp. 6-9.) Although the Complaint states, as Judge Varholak notes, that the prison's policy serves no penological interest, it fails to provide any supporting facts. (Doc. 196 at p. 10.) Such conclusory statements are insufficient to state a claim. *See Twombly*, 550 U.S. at 555. . And as explained in *Hammons v. Saffle*, prisons have an interest in deterring crime, curbing the use and possession of illegal drugs, and maintaining order. 348 F.3d 1250, 1254-55 (10th Cir. 2003). Indeed, Defendants state that the colored paper policy is in place to prevent dangerous and illicit substances from entering the prison undetected. (Doc. 162 at pp. 10-11.) And prison officials need only establish that their methods are reasonably related to a legitimate penological interests.  *Turner*, at 89-90. Indeed, even Mr. Noe concedes that the "policy is reasonably related to the legitimate interest of keeping drugs from inmates." (Doc. 201 at p. 7.)

Instead, the core of Mr. Noe's argument is that there is a *de minimis* alternative available to ADX that would similarly serve the prison's security interests. (*Id.* at p. 6.) Mr. Noe proposes that prison staff make a photocopy of a letter sent on colored paper and provide that copy to the prisoner, instead of a complete ban. (*Id.* at pp. 6-7.) The Supreme Court in *Turner* did discuss the availability of alternatives as a consideration

in whether a prison's regulation was reasonable. 482 U.S. at 90-91. The Court, however, clarified that "prison officials do not have to set up and then shoot down every conceivable alternative method of accommodating the claimant's constitutional complaint." *Id.* And as discussed in Judge Varholak's recommendation, the ADX staff does not photocopy mail in violation of the colored paper policy because of the potential danger of undetected substances. (Doc. 196 at p. 11.) Mr. Noe's alternative does not fall within the *de minimis* alternative contemplated by *Turner*.

Mr. Noe fails to plead sufficient factual matter that if true, would state a claim to relief. Thus, the Court adopts Judge Varholak's recommendation as to First Amendment claim in Claim Two.

### b. Fifth Amendment Due Process

Mr. Noe's Fifth Amendment claim is based on the Defendants' failure to notify him when his mail is rejected pursuant to policy, and the allegation that Defendants will continue violating their mail rejection policy in the future. Judge Varholak recommended dismissal of Mr. Noe's Fifth Amendment claim for lack of standing and thus also lack of subject matter jurisdiction. Specifically, Judge Varholak stated that "[t]he Complaint otherwise does not provide sufficient facts to suggest that there are ongoing violations of the rejection notice policy, nor facts to suggest that Plaintiff is subject to a 'real and immediate threat' of future injury. *Colo. Cross Disability Coal v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1211 (10th Cir. 2014)." (Doc. 196 at p. 13.) Judge Varholak noted that Mr. Noe has notice of the past violations, so those are moot and would not be redressed by injunctive or declaratory relief, which is the only relief Mr. Noe seeks. (*Id.*)

In order to bring any claim in federal court, an individual or entity must have standing. *Lujan v. Defendants of Wildlife*, 504 U.S. 555, 560

(1992). Standing has three elements: (1) injury in fact, (2) a causal connection between the injury and the conduct; and (3) a likelihood that the court can redress the alleged harm. *Id.* The injury in fact element requires that injuries be actual or imminent and concrete and particularized. *Id.*

The first issue is whether Mr. Noe has standing to seek an injunction against Defendants for past harm that has already been remedied. Mr. Noe argues that he has standing because he was injured in the past and the injury is ongoing. But "[w]hen prospective relief—such as an injunction—is sought, 'the plaintiff must be suffering a continuing injury or be under a real and immediate threat of being injured in the future.'" *Colo. Cross Disability Coal. v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1211 (10th Cir. 2014) (quoting *Tandy v. City of Wichita*, 380 F.3d 1277, 1283 (10th Cir. 2004)). Mr. Noe has been provided notice that his letters were rejected. His injury occurred in the past and has been remedied. Mr. Noe nonetheless argues in his brief that there is an ongoing injury. But the analysis is what Mr. Noe alleged in his complaint, not his brief. Because of the relief Mr. Noe seeks, he lacks the requisite injury to have standing to challenge his past injury.

The second issue is whether Mr. Noe has standing to enjoin Defendants' future conduct. Mr. Noe indicates a concern that Defendants will continue violating their mail rejection policy. But other than his concern, and his allegations about past conduct, he provides no reason to believe these violations are ongoing. And Defendants assert that they will continue to comply with their own policy. If so, then there will be no injury under this claim. That is, there is no support for the idea that the Court's intervention would actually remedy an ongoing injury rather than concerns based on past conduct. Mere concern about future misconduct is insufficient. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 110 (1983). .

Courts refrain from issuing injunctions requiring the government to comply with laws it already seems to be. *See id.; see generally Allen v. Wright*, 468 U.S. 737 (1984). (As far as the Complaint is concerned, a declaratory judgment would not alter the behavior of the particular parties listed in his complaint. The Court therefore adopts Judge Varholak's recommendation as to the Fifth Amendment Due Process claim in Claim Two.

### III.   Claim Three

Mr. Noe advances two main arguments against Judge Varholak's recommended dismissal of his Equal Protection and Due Process claims in relation to access to the First Step Act program. Neither argument is persuasive.

Mr. Noe first claims that he is not allowed to participate in the First Step Act programming because of his pro-white beliefs, while other inmates are allowed to access the program. (Doc. 199 at p. 10.) But as discussed by Judge Varholak (Doc. 196 at p. 17), the First Step Act is still being implemented, and the Bureau of Prisons has until January 2022 to provide Mr. Noe with programming. *See* 18 U.S.C. § 3632(d)(4). Mr. Noe's First Step Act access to programming claim is not ripe. *See Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 165 (2014).

Mr. Noe also maintains that he is being treated differently than other similarly situated individuals. But as Judge Varhalok explained, Mr. Noe misunderstands the relative group of similarly situated individuals that he is compared to for an equal protection claim. Mr. Noe resides in ADX, a supermax prison with the highest-level security designed to house inmates that pose extreme security threats, and is not categorized as a general population inmate. His treatment cannot be not compared to that of his own previous situation, or that of other prisoners in the

Bureau of Prisons in general. *See Chesser v. Director*, No. 15-cv-01939-NYW, 2018 WL 3729511, at *9 (D. Colo. Aug. 6, 2018). While Mr. Noe claims that "disruptive group members are not excluded under the First Step Act," he does not provide any other factual substance for an equal protection claim to survive dismissal. This vague, conclusory assertion does not suffice.

The Court adopts Judge Varholak's recommendation for Claim Three.

### IV.    Complaint Amendment

Mr. Noe petitions for leave to amend his complaint yet again. (Doc. 204.) Due to the number of amended complaints Mr. Noe has been permitted to file that are predominately repetitive and conclusory, this Court adopts Judge Varholak's recommendation to dismiss without leave to amend. *See Sheldon v. Vermonty*, 269 F.3d 1202, 1207 n.5 (10th Cir. 2001) (finding that dismissal with prejudice was appropriate where plaintiff "had previously filed amended pleadings . . . [and had] made no showing, beyond his conclusory allegations, that he could have stated viable causes of action . . . if he had been granted yet another opportunity to amend his claims")

## CONCLUSION

Judge Varholak's Recommendation (Doc. 196) to grant Defendants' Motion to Dismiss is **ACCEPTED and ADOPTED**;

Defendants' Motion to Dismiss (Doc. 162) is **GRANTED**, and Mr. Noe's Fourth Amended Complaint (Doc. 156) is **DISMISSED WITH PREJUDICE**;

Mr. Noe's Motion to File a Supplemental Brief (Doc. 201) is **DENIED AS MOOT**;

Mr. Noe's Motion for Preliminary Injunction or Protective Order (Doc. 202) is **DENIED AS MOOT** to Magistrate Judge Varholak; and

Mr. Noe's Motion for Permission to File an Amended Complaint (Doc. 204) is **DENIED**.


DATED: October 7, 2021                    BY THE COURT:

_____

Hon. Daniel D. Domenico